BILL LOCKYER Attorney General PETER SIGGINS Chief Deputy Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE DON PERATA, MAJORITY LEADER OF THE STATE SENATE, has requested an opinion on the following question:
In determining whether the remainder of an unexpired senatorial term to which a person has been elected is less than half of the full term (Cal. Const., art. XX, § 7), is the remaining portion of the term measured from the time the person is elected at a special election that is consolidated with a general election during a legislative recess or from the time the person takes the oath of office?
 CONCLUSION
In determining whether the remainder of an unexpired senatorial term to which a person has been elected is less than half of the full term (Cal. Const., art. XX, § 7), the remaining portion of the term is measured from the time the person takes the oath of office upon the convening of a new Legislature when the special election is consolidated with a general election that takes place during a legislative recess.
 ANALYSIS
Subdivision (a) of section 2 of article IV of the Constitution[1]
provides:
"The Senate has a membership of 40 Senators elected for 4-year terms, 20 to begin every 2 years. No Senator may serve more than 2 terms.
"The Assembly has a membership of 80 members elected for 2-year terms. No member of the Assembly may serve more than 3 terms.
"Their terms shall commence on the first Monday in December next following their election."
Section 7 states:
"The limitations on the number of terms prescribed by Section 2 of Article IV . . . apply only to terms to which persons are elected or appointed on or after November 6, 1990, except that an incumbent Senator whose office is not on the ballot for the general election on that date may serve only one additional term. Those limitations shall not apply to any unexpired term to which a person is elected or appointed if the remainder of the term is less than half of the full term."
Accordingly, a state senator may not serve more than two terms (§ 2, subd. (a)) unless a third term consists of the remainder of an unexpired term that "is less than half of the full term" (§ 7).
We are asked how section 2 and section 7 are to be applied where (1) a term of office for a senatorial district commenced on December 2, 1996, (2) the incumbent vacated the office on April 21, 1998, (3) a special election to fill the unexpired term was consolidated with the general election held on November 3, 1998, while the Legislature was in recess, (4) the person elected to the unexpired term took the oath of office upon the convening of the new Legislature on December 7, 1998, (5) the term expired on December 3, 2000, and (6) the person was reelected to a new term that commenced on December 4, 2000 and which will expire on December 5, 2004. May the senator seek an additional four-year term that commences on December 6, 2004? We conclude that he may because his taking the oath of office is the point at which the remainder of the term begins for purposes of the exception provided in section 7.
It is clear that the senator in question cannot serve another term if only section 2 is applicable. Serving the remainder of an unexpired term constitutes serving a term within the purview of the "two terms" constitutional limitation. (See Schweistnger v. Jones (1998)68 Cal.App.4th 1320, 1323 ["for purposes of the term limit provisions, service of any part of a term `counts' as service of a full term. . . ."].) The issue to be resolved centers on the application of the exception provided in section 7 to the senator's service in the unexpired term that expired on December 3, 2000. If section 7 is applicable to that term, it is not counted for purposes of section 2.
The language of section 7 is ambiguous concerning the date of commencement of the "unexpired term." At least two reasonable interpretations are possible.[2] As previously mentioned, it could be the date when the senator was elected, or the date when the senator took the oath of office, among other possibilities.
A certificate of election from the Secretary of State is prima facie evidence that the person named in the certificate has the right to membership in the Legislature. (Elec. Code, § 15504; Gov. Code, § 9021.) But members of the Legislature must take the oath of office before they may enter upon their duties. (Cal. Const., art. XX, § 3.) A candidate elected to fill an unexpired term of a deceased or resigned legislator may take the oath at any time during the term for which he or she is elected following receipt of the certificate of election. (Gov. Code, § 9024; 14 Ops.Cal.Atty.Gen. 295 (1949).)
In this case, a certificate of election was issued on November 5, 1998. However, at that time the Legislature was in recess awaiting final adjournment on November 30. (Sen. J. (1997-1998 Reg. Sess.) p. 6614; Sen. J. (1997-1998 1st Extra. Sess.) p. 260; Temporary Joint Rules of the Senate and Assembly (Joint Rules), 1997-1998 Rule 51(a)(3).) No official business of the Legislature was conducted from the time of the election until December 7, 1998, when the Legislature convened in an organizational meeting following the 1998 general election. (Sen. J. (1999-2000 Reg. Sess.) p. 19; Joint Rules, 51(a)(1).) In the question presented for our consideration, the senator elected in the special election was sworn into office on December 7, 1998, upon the convening of the new legislative session along with the senators elected in the general election.
We believe the most reasonable interpretation of section 7 in the circumstances presented is to measure the remainder of the unexpired term from the date when the oath of office was taken. This would mean that for purposes of section 7, only actual service in office would be counted. In Schweisinger v. Jones, supra, 68 Cal.App.4th 1320, the court used the word "service" in referring to the exception language of section 7. (Id. at p. 1323.) Where a city charter contained similar language, the court referred to "the time that the member began to serve." (Woo v.Superior Court (2000) 83 Cal.App.4th 967, 980, fn. 8.)
Underlying our rationale is the reality that one elected to the Senate cannot exercise legislative powers until the results of an election are certified and the senator-elect has taken the oath of office. In the circumstances presented for our consideration, there appears no plausible reason that the member elected in the special election would be sworn into office at any time other than when the new Legislature convened on December 7, 1998.[3] In fact, the member was sworn in at the organizational meeting after which the Legislature was adjourned until January for further business. (Joint Rules, 51(a)(1).)
Measuring the remainder of the unexpired term from the date the oath of office was taken also provides consistency with the calculation of the full term. Here, the full term did not begin on the day of the election but rather on the first Monday in December when the senators took their oaths of office. (See Gov. Code, § 9022.) This is when their "service" began. (See Smith v. County Engineer (1968) 266 Cal.App.2d 645,653.)
Calculating the remainder of the term based upon the taking of the oath of office also provides consistency between section 2 and section 7.[4]
Subdivision (a) of section 2 contains the basic term limits prohibition: "No Senator may serve more than 2 terms." When sections 2 and 7 were adopted by the voters as part of the Political Reform Act of 1990 (Proposition 140), the general purposes of the constitutional amendments were described as follows:
"The people find and declare that the Founding Fathers established a system of representative government based upon free, fair, and competitive elections. The increased concentration of political power in the hands of incumbent representatives has made our electoral system less free, less competitive, and less representative.
"The ability of legislators to serve unlimited number of terms, to establish their own retirement system, and to pay for staff and support services at state expense contribute heavily to the extremely high number of incumbents who are reelected. These unfair incumbent advantages discourage qualified candidates from seeking public office and create a class of career politicians, instead of the citizen representatives envisioned by the Founding Fathers. These career politicians become representatives of the bureaucracy, rather than of the people whom they are elected to represent.
"To restore a free and democratic system of fair elections, and to encourage qualified candidates to seek public office, the people find and declare that the powers of incumbency must be limited. Retirement benefits must be restricted, state-financed incumbent staff and support services limited, and limitations placed upon the number of terms which may be served." (Cal. Const., art. IV, § 1.5.)
From this preamble to the Political Reform Act of 1990 may be discerned an intent to limit the powers of incumbency. (See Legislature v. Eu (1991)54 Cal.3d 492, 499-500; Schweisinger v. Jones, supra, 68 Cal.App.4th at p. 1324.) We believe that the exception language of section 7 may reasonably be construed to relate to actual service in office in keeping with the voters' intent in adopting sections 2 and 7.
It is well settled that any ambiguities concerning the right to hold office "are to be resolved in favor of eligibility to office." (Carterv. Com. on Qualifications, etc. (1939) 14 Cal.2d 179, 182; accord,Lungren v. Davis (1991) 234 Cal.App.3d 806, 830; see Woo v. SuperiorCourt. supra, 83 Cal.App.4th at p. 977; Helena Rubenstein Internat. v.Younger (1977) 71 Cal.App.3d 406, 418.) We thus interpret section 7 to allow a third term where the unexpired term, as measured from the date the oath of office was taken, was less than half of the full term.
We conclude that in determining whether a state senator may serve more than two terms, the remainder of an unexpired term is to be measured from the date the senator took the oath of office when the senator is elected during a senate recess and is sworn in to the unexpired term at the ensuing convening of a new Legislature.
[1] All references hereafter to "section 2" are to section 2 of article IV of the Constitution and all references to "section 7" are to section 7 of article XX of the Constitution.
[2] We do not consider the date the office became vacant as a plausible starting point for the remainder of the term. Such starting point could rob the exception of any practical meaning where, for example, the office becomes vacant shortly before the mid-point of the term, and the special runoff election called by the Governor does not occur for a number of months. Under the date-of-vacancy interpretation, the eventual winner would be charged with having served a full term even though, by the time he or she assumed office, the term had all but expired. Imputing to an officeholder a lengthy period of time not actually served appears to us to be an unreasonable interpretation of the sole exception to the Proposition 140 term limits. A vacancy cannot be considered filled as a practical matter until at least the election occurs or the successor qualifies by taking the oath.
[3] We express no opinion concerning the consequences of a member elect delaying the date of taking the oath of office during a legislative session until after the halfway point of an unexpired term. Our analysis is based upon a construction of article XX, section 7 without regard to such additional factual consideration.
[4] Constitutional provisions "must be harmonized and construed to give effect to all parts. [Citations.]" (County of Los Angeles v. State ofCalifornia (1987) 43 Cal.3d 46, 58.)